IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES E. RASH,**

    **Plaintiff,**

**v.**                                                                              **Civil action no. 1:08cv95**
                                                                            **(Judge Keeley)**

**THOMAS STANLEY,**
**PUBLIC DEFENDER CORPORATION,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On March 21, 2008, the plaintiff, initiated this case by filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. In his complaint, the plaintiff names attorney, Thomas Stanley, as defendant. On April 28, 2008, the plaintiff filed an amended complaint adding the Public Defender Corporation as a second defendant. The plaintiff was granted leave to proceed *in forma pauperis* on April 10, 2008, and the initial partial filing fee was paid on May 5, 2008. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

Although the plaintiff gives no factual background, a review of CM/ECF establishes that the plaintiff pleaded guilty in the United States District Court for the Northern District of West Virginia to the charge of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On June 3, 2002, he was sentenced to a term of 151 months incarceration, supervised release for three years and a special assessment of $100.00. The plaintiff filed a Notice of Appeal on July 22, 2002. On July 10, 2004, the Fourth Circuit dismissed the appeal. On November 8, 2005, the plaintiff filed a Motion To Vacate

under 28 U.S.C. § 2255 which was transferred to this Court from United States District Court of Maryland on November 29, 2005. On March 9, 2007, the undersigned issued a Report and Recommendation that the § 2255 motion be denied and dismissed with prejudice as untimely. The plaintiff filed objections to the Report and Recommendation on May 17, 2007 and filed a Motion to Amend/Correction his Motion to Vacate on June 1, 2007. On July 3, 2007, the Honorable Judge John Preston Bailey adopted the Report and Recommendation and dismissed the Motion to Vacate with prejudice. See 3:01-cr-00025-JPB-JES-1.

Again, although the plaintiff provides no details, it is apparent that the defendant, Thomas Stanley, who is an attorney with the Public Defender Corporation for the 23rd Judicial District, was appointed to represent the plaintiff in a state court habeas proceeding. The plaintiff alleges that Mr. Stanley committed legal malpractice and provided ineffective assistance of legal counsel which resulted in the dismissal of his state habeas petition. As relief, the plaintiff seeks $250,000 in compensatory damages and $250,000 in punitive damages.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim

2

under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**III. ANALYSIS**

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Private attorneys and public defenders do not act "under color of state law" by being part of a state judicial system or being paid by a state agency. Polk County v. Dodson, 454 U.S. 312 (1981). See also Hall v. Quillen, 631 F.2d 1554 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. § 1983 action against retained counsel). See also Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or Bivens). Therefore, the plaintiff's claim against Mr. Stanley must be dismissed.

In addition, with respect the Public Defender Corporation itself, the United States Supreme Court has held that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Smith v. LaFollette, 23 F.3d 410 (7th Cir. 1994)(state public defender is a state agency and is thus immune from suit under the Eleventh Amendment).Accordingly, the plaintiff claim against the Federal Public

---

[1] Id. at 327.

Defender corporation for the 23rd Judicial District also must be dismissed.

**IV.  RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint (Doc. 1) and amended complaint (Doc. 10) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are  made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner by certified mail, return receipt requested.

Dated: May 7, 2008

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE